## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 21 2017, 7:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Blair Todd, Esq.
Winamac, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| P.W.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | July 21, 2017<br><br>Court of Appeals Case No.<br>66A05-1702-JV-408<br><br>Appeal from the Pulaski Circuit Court<br><br>The Honorable Michael Shurn, Judge<br><br>Trial Court Cause No.<br>66C01-1601-JD-1 |

**Najam, Judge.**

# Statement of the Case

P.W. appeals the trial court's finding, following a fact-finding hearing, that she committed a delinquent act by aiding in battery as a Class B misdemeanor if committed by an adult. She raises one issue on appeal, namely, whether the State presented sufficient evidence that P.W. induced another juvenile to commit a battery. We affirm.

# Facts and Procedural History

On August 24, 2015, E.K. was at Winamac Town Park with some other juveniles, including A.P. and P.W. While at the park E.K. spoke with P.W. and then left and walked across a bridge. E.K. did not speak to A.P. before she walked across the bridge. After E.K. left the park, P.W. told A.P that E.K. had called A.P. a "b****." Tr. at 59. A.P. then ran across the bridge to confront E.K. concerning this statement, and P.W. ran across the bridge with A.P. As P.W. and A.P. approached E.K, P.W. told A.P., "[W]ell[,] if you hit her, I'll hit her." *Id.* at 60. P.W. also told A.P. to "just do it" as they approached E.K. *Id.* at 11.

Upon arriving behind E.K., A.P. struck E.K. in the back of her head and told E.K. that she was going to beat E.K. up. A.P. told E.K. that she had heard that E.K. had called her names. A.P. then struck E.K. approximately five times. During the ensuing law enforcement investigation, A.P. admitted that she had struck E.K. and that P.W. had told her that E.K. had called her a b****. E.K. informed law enforcement that "[A.P.] claimed that the reason she hit me was

because [P.W.] told her I called her a b****, which I did not." *Id*. at 21; Appellant's Ex. A. P.W. admitted to law enforcement that she told A.P. that E.K. had called A.P. a b**** because A.P. said that E.K.'s hair looked bad.

[4] On January 21, 2016, the State filed a petition alleging that P.W. was a delinquent child in that she committed aiding in a battery as a Class B misdemeanor if committed by an adult. At the fact finding hearing, A.P. testified that she believed P.W. would "follow up [A.P.'s] battery of [E.K.]" when P.W. told A.P. "if you hit her, I'll hit her." *Id*. at 64. A.P. also testified that she would not have confronted E.K. if P.W. had not told A.P. that E.K. had called her a b****. A.P. testified that P.W. persuaded A.P. to "go[] after" E.K. by telling A.P. that E.K. had called her a b****. *Id*. at 71-72. A.P. also had the following exchange with the prosecutor at the fact-finding hearing:

> Prosecutor: So that time, when you went after [E.K.] and beat her, repeatedly, it was strictly because your good buddy, [P.W.], told you that you'd—[E.K.] had called you a name and the two of you were on your way to get even with her, is that correct?
>
> A.P.: Yes.

*Id*. at 75.

[5] The trial court found that P.W. was a delinquent as charged and sentenced her to one year of probation. This appeal ensued.

# Discussion and Decision

[6]     P.W. challenges the sufficiency of the evidence to support the trial court's finding that she committed a delinquent act by inducing A.P. to commit a battery against E.K. Our standard of review of the sufficiency of the evidence is well-settled:

> When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id*. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id*.

*Clemons v. State*, 996 N.E.2d 1282, 1285 (Ind. Ct. App. 2013), *trans. denied*.

[7]     To support the court's finding that P.W. committed aiding in a battery, the State had to prove that: 1) P.W.; 2) knowingly or intentionally; 3) aided, induced, or caused A.P.; 4) to touch E.K. in a rude, insolent, or angry manner. Ind. Code § 35-42-2-1(b)(1) (2015); I.C. § 35-41-2-4. We consider the following factors in determining whether a person aids another in the commission of a crime: 1) presence at the scene of the crime; 2) companionship with another engaged in criminal activity; 3) failure to oppose the crime; and 4) a defendant's conduct before, during, and after the occurrence of the crime. *Berry v. State*, 819 N.E.2d 443, 450 (Ind. Ct. App. 2004) (citing *Garland v. State*, 788 N.E.2d 425, 431 (Ind. 2003)), *trans. denied*.

[8] Here, the probative evidence most favorable to the judgment shows that: P.W. was present at the scene of the crime; P.W. accompanied A.P. as A.P. committed battery against E.K.; P.W. did nothing to oppose the battery of E.K.; and P.W. actively encouraged A.P. to commit the battery by telling A.P. that E.K. had insulted A.P., telling A.P. that P.W. would also hit E.K. if A.P. did so, and telling A.P. to "just do it" as A.P. and P.W. ran after E.K. This is sufficient evidence that P.W. aided A.P. in the battery of E.K. P.W.'s contentions to the contrary are simply requests that we reweigh the evidence, which we will not do. *Clemons*, 996 N.E.2d at 1285.

[9] Affirmed.

Riley, J., and Bradford, J., concur.